(57 App. Div. 575.)

### MAGNOLIA METAL CO. v. SUGDEN et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

JUDGMENT—ENTRY—STIPULATION—EVIDENCE.

> Where plaintiff and defendant stipulated that the determination of a question in another suit between the same parties should be authority for entry of judgment, and plaintiff introduced in evidence all the testimony taken in the other suit, but it was not shown that any judgment had been rendered therein, an entry of judgment was erroneous.

Appeal from special term, New York county.

Action by the Magnolia Metal Company against John Sugden and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Cephas Brainerd, for appellants.
Alexander S. Bacon, for respondent.

PER CURIAM. We are unable to find any basis of support for the judgment which has been entered herein. It is claimed by the plaintiff that the parties had by stipulation authorized the entry of judgment, and that our former decision herein (Lawlor v. Metal Co., 33 App. Div. 356, 53 N. Y. Supp. 950) is conclusive upon every question which the case involves. The difficulty with this contention lies in the fact that the stipulation of which the plaintiff seeks to avail itself furnishes authority only for the entry of judgment when the determination and decision of the court upon the counterclaims of the plaintiff, sought to be set up in another action wherein these defendants are plaintiffs and this plaintiff is defendant, has been rendered and proved upon the trial herein. The stipulation requires such proof. It is such judgment, and nothing else, that the parties have stipulated to regard as conclusive upon the issues in the present action as set forth in the complaint. It is evident, therefore, that the plaintiff, in order to avail itself of the provisions of the stipulation, was required to prove the judgment as rendered in the first-named action; otherwise, there would be nothing before the court authorizing any judgment in favor of the plaintiff based upon any of the provisions of the stipulation. For aught that appears in the present record, there is no judgment in such action, and it is nowhere made to appear that, if there was such judgment, it entitles the plaintiff to the judgment which has been entered herein. Consequently, there was nothing made to appear before the referee to show that the plaintiff was entitled to the judgment by virtue of the provisions of the stipulation or otherwise. It appears in the record that the plaintiff introduced in evidence all the testimony taken in the action mentioned in the stipulation. There exists no authority in law authorizing a cause of action to be established in that manner, and there is nothing in the terms of the stipulation which authorized such proof, or the entry of judgment thereon. The objection which was made when such proof was offered should have been sustained, and the exception taken to the ruling of the court thereon presents reversible error. Undoubtedly, the plaintiff had the right to establish its cause of action independent of the stipulation, but such course would require its establishment by common-law proof, of which, in this record, there is not a scintilla. Had the judgment in the other action been proved, there was no necessity for the introduction of the testimony upon which it was based, as that was not a provision of the stipulation. Under such circumstances it is quite likely that the introduction of testimony in bulk, although objected to, would not present reversible error, as the defendants would not have been prejudiced thereby; but, as there is nothing in this record upon which any judgment in favor of the plaintiff is authorized, either by stipulation or otherwise, it follows that the judgment should be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.